# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ANTHONY B.,

    **Plaintiff,**

    v.

ANDREW SAUL, Commissioner of Social Security,

    **Defendant.**

Case No. 19-CV-1159-JAR

## MEMORANDUM AND ORDER

This matter is before the Court for review of the final decision of Defendant Commissioner of Social Security denying Plaintiff's application for disability and disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act. Plaintiff alleges that the Administrative Law Judge ("ALJ") erred by failing to adequately evaluate a medical source's opinion and incorporate that evidence into Plaintiff's residual functioning capacity ("RFC"). Because the Court concludes that Defendant Commissioner's findings are supported by substantial evidence, the Court affirms Defendant's decision.

## I.    Procedural History

On February 8, 2016, Plaintiff protectively applied for a period of disability and disability insurance benefits. On February 16, 2016, Plaintiff applied for supplemental social security income. In both applications, he alleged a disability onset date of February 18, 2016.[1] Plaintiff's

---

[1] Plaintiff originally alleged a disability onset date of February 20, 2015. He amended the date at his hearing before the ALJ.

applications were denied initially and upon reconsideration. He then asked for a hearing before an ALJ.

After a hearing on February 28, 2018, the ALJ issued a written decision on July 31, 2018, finding that Plaintiff was not disabled. Given the unfavorable result, Plaintiff requested reconsideration of the ALJ's decision from the Appeals Council. Plaintiff's request for review was denied on April 15, 2019. Accordingly, the ALJ's July 2018 decision became the final decision of the Commissioner.

Plaintiff filed a Complaint in the United States District Court for the District of Kansas. He seeks reversal of the ALJ's decision and remand for a new administrative hearing. Because Plaintiff has exhausted all administrative remedies available, this Court has jurisdiction to review the decision.

## II.     Standard for Judicial Review

Judicial review under 42 U.S.C. § 405(g) is limited to whether Defendant's decision is supported by substantial evidence in the record as a whole and whether Defendant applied the correct legal standards.[2] The Tenth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3] In the course of its review, the court may not re-weigh the evidence or substitute its judgment for that of Defendant.[4]

---

[2] *See Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015).

[3] *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[4] *Id.*

## III. Legal Standards and Analytical Framework

Under the Social Security Act, "disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment."[5] An individual

> shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.[6]

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.[7] The steps are designed to be followed in order. If it is determined at any step of the evaluation process that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary.[8]

The first three steps of the sequential evaluation require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability, (2) whether the claimant has a severe, or combination of severe, impairments, and (3) whether the severity of those impairments meets or equals a designated list of impairments.[9] If the impairment does not meet or equal one of these designated impairments, the Commissioner must then determine the claimant's RFC, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from his impairments."[10]

---

[5] 42 U.S.C. §§ 423(d)(1)(A), 416(i)(1)(a).

[6] *Id.* § 423(d)(2)(A).

[7] *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. §§ 404.1520(a), 416.920(a).

[8] *Barkley v. Astrue*, Case No. 09-1163-JTM, 2010 WL 3001753, at *2 (D. Kan. Jul. 28, 2010).

[9] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007); *see also Barkley*, 2010 WL 3001753, at *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

[10] *Barkley*, 2010 WL 3001753, at *2 (citing 20 C.F.R. § 416.920(e)); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

Upon assessing the claimant's RFC, the Commissioner moves on to steps four and five, which require the Commissioner to determine whether the claimant can either perform his past relevant work or whether he can generally perform other work that exists in the national economy, respectively.[11] The claimant bears the burden in steps one through four to prove a disability that prevents performance of his past relevant work.[12] The burden then shifts to the Commissioner at step five to show that, despite the claimant's alleged impairments, the claimant could perform other work in the national economy.[13]

The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. She determined at step two that Plaintiff had the following severe impairments: essential tremor, adjustment disorder with anxiety, and generalized anxiety disorder. At step three, the ALJ found that Plaintiff's impairments did not meet or equal the severity of one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. Continuing, she determined that Plaintiff had the RFC to

> perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant is able to lift, carry, push or pull twenty pounds occasionally and ten pounds frequently. He is able to stand or walk six hours out of an eight-hour workday. He is able to sit six hours out of an eight-hour workday. He is able to climb stairs or ramps occasionally, but must avoid climbing ladders, ropes, or scaffolds. He is able to balance, stoop, kneel, crouch, and crawl occasionally. He is able to reach, handle and finger frequently bilaterally. He must avoid exposure to hazards. The claimant is able to understand, remember, and carry out simple instructions and perform simple, routine tasks. He is able to interact occasionally with co-workers, supervisors, and the public. He is able to perform work in a routine setting involving few, if any changes.[14]

---

[11] *Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

[12] *Lax*, 489 F.3d at 1084.

[13] *Id.*

[14] Doc. 8 at 23.

The ALJ determined at step four that Plaintiff was capable of performing past relevant work as a mail sorter. She also included an alternative step five finding. After considering Plaintiff's age, education, work experience, and RFC, she determined at step five that Plaintiff was capable of performing other work as a maid or housekeeper, collator operator, or welding machine tender. Thus, the ALJ concluded that Plaintiff had not been under a disability from February 18, 2016, through the date of her decision.

**IV.  Discussion**

Plaintiff challenges the ALJ's RFC determination by asserting that the ALJ erred in not giving more weight to an opinion given by Brenda Hendrick, DPT.[15] She performed a functional capacity evaluation ("FCE") on January 29, 2018. In this evaluation, she concluded that Plaintiff was functioning in the "sedentary to light physical demand." Hendrick's examination showed full range of motion throughout, strength at a 4-5 level throughout, a safe tolerance for lifting 15 pounds from the floor to his waist occasionally, and a safe tolerance for walking while carrying as much as 15 pounds at waist level for distances up to 20 feet. Her report also noted that Plaintiff had fair balance, and that he walked with a guarded and somewhat slow to moderate pace. Hendrick found that Plaintiff scored in the light physical demand range with forceful grasping and pinching testing. Her examination noted Plaintiff's tremors but also that he was able to perform fine motor handling with his hands for several minutes before he complained of fatigue or cramping.

---

[15] A DPT is a Doctor of Physical Therapy. DPT's are not considered "acceptable medical sources" but instead are considered "other" medical sources. *See* 20 C.F.R. § 404.1502(a),(d). Plaintiff acknowledges that Hendrick is not considered an "acceptable medical source."

Under the version of the regulations applicable to Plaintiff's claim, the ALJ must consider all the medical opinions in the record and discuss the weight assigned to each opinion.[16] The ALJ is also responsible for resolving conflicts between differing evidence from medical sources.[17] Ultimately, the ALJ is responsible for determining an individual's RFC.[18] In addition, the ALJ should make sure her decision "allows a claimant or subsequent reviewer to follow the adjudicator's reasoning."[19]

Here, the ALJ's decision states that she gave limited weight to Hendrick's opinion. In making this determination, the ALJ noted that Hendrick's report was based on a one-time assessment. In addition, she stated that Plaintiff's daily activities and work activity demonstrated a greater ability than a sedentary to light physical demand.

Plaintiff takes issue with the ALJ discounting Hendrick's opinion because it was based on a one-time assessment. He asserts that, standing alone, it is not a valid reason for discounting a medical opinion. The ALJ's decision, however, did not solely rest on this determination. As noted above, she also found that Plaintiff's daily activities and work activity demonstrated a greater ability.

Plaintiff then argues that the ALJ's other reasons for affording limited weight to Hendrick's opinion were insufficient. He claims that the ALJ only offered conclusory reasoning that

---

[16]*Mays v. Colvin*, 739 F.3d 569, 578 (10th Cir. 2014) (citation omitted); *see also* 20 C.F.R. §§ 404.1527, 416.927. Different guidelines for weighing evidence now apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. §§ 404.1520c, 416.920c; *see also McGregor v. Saul*, Case No. CIV-19-496-SM, 2019 WL 7116110, at *3 (W.D. Okla. Dec. 23, 2019) (noting that "[u]nder the revised regulations, the ALJ gives no specific evidentiary weight to any medical opinions.") (internal quotation marks and citations omitted); *Bills v. Comm'r, SSA*, 748 F. App'x 835, 838 n.1 (10th Cir. 2018) (noting the revised regulations applicable to claims filed on or after March 27, 2017). Plaintiff's claim was filed in 2016 and thus the Court's review is guided by the previous regulations and case law.

[17]*See* 20 C.F.R. § 404.1527(d).

[18]*Id.* § 404.1527(d)(2).

[19]*Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1163 (10th Cir. 2012) (quoting SSR 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006)).

Plaintiff's daily and work activities demonstrated a greater ability than sedentary to light. He asserts that the ALJ should have engaged in a more specific and detailed explanation.

Yet, the ALJ discussed Plaintiff's daily living activities and work activity throughout her opinion. She noted Plaintiff's testimony about his limitations with wearing wrist braces and that he was limited to no more than four hours of online game play due to the level of pain in his hands. The ALJ stated that Plaintiff resided in a two-story house and was able to climb the stairs with no problems and lift his 8 and 20-pound dogs with no issues. Plaintiff's daily activities included self-care tasks, dishes, folding laundry, driving, cooking, watching movies, taking out the trash, doing odd jobs, and caring for his dogs. The ALJ noted that the evidence of his daily activities indicated that Plaintiff could perform a range of light exertional work, which is consistent with the RFC she gave to Plaintiff. Although the ALJ did not include that explanation in the specific portion of the opinion giving Hendrick's medical opinion limited weight, it is clear within the ALJ's opinion as to the inconsistencies between Plaintiff's daily activities and Hendrick's assessment.

The ALJ also noted Plaintiff's work history. She noted Plaintiff's stated limitations but also that Plaintiff assembled doors at one of his jobs and utilized a joystick to position doors at a position he worked at from 2013 through 2015. The ALJ also stated that Plaintiff had been working as a painter and performing various odd jobs.

In determining the weight given to a non-acceptable medical opinion, the ALJ must consider the factors set forth in 20 C.F.R. § 404.1527(c).[20] These include such factors as the examining relationship, treating relationship, supportability, consistency, specialization of the source, and other factors.[21] The ALJ, however, is not required to "explicitly discuss" each factor

---

[20] *See* 20 C.F.R. § 404.1527(f)(1) (noting that the ALJ, in evaluating non-acceptable medical source evidence, should consider the factors set forth in § 404.1527(c)(1)-(6).

[21] 20 C.F.R. § 404.1527(c)(1)–(6).

7

so long as the ALJ's opinion is "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."[22]

Here, the ALJ noted the one-time treating and examining relationship by Hendrick, a physical therapist. The ALJ also noted that the report was very detailed but that it was inconsistent with other evidence in the record. Thus, the ALJ noted at least four factors when determining the limited weight to be given to Hendrick's opinion. In other parts of the opinion, the ALJ thoroughly discussed Plaintiff's daily living activities and previous work activities.

In addition, the ALJ discussed the medical opinion evidence of every medical examiner and the reasons for the weight she gave to each opinion. Plaintiff does not take issue with any of the ALJ's other determinations. He only asserts that the ALJ should have given more weight to Hendrick's opinion.

As noted above, the ALJ is ultimately responsible for determining the RFC and must consider the medical and other evidence in formulating the RFC. In this case, the ALJ engaged in a thorough analysis and discussion as to the weight assigned to each opinion, her reasons for discounting or crediting these opinions, and the basis for the determination of Plaintiff's RFC. The ALJ considered all the evidence, including Plaintiff's testimony, his daily activities, and work history. Accordingly, the ALJ set forth her reasons and provided support, which this Court could follow, for giving limited weight to Hendrick's opinion.

## V.  Conclusion

---

[22]*Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (quotation marks and citation omitted).

The ALJ's RFC determination is supported by substantial evidence. Plaintiff has not shown that the ALJ's decision is inconsistent with the Social Security Act, regulations, and applicable case law.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: February 23, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE